# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOHNNY PAUL DODSON                                                      PETITIONER

v.                                    NO. 5:14-cv-00355 JLH/HDY

LARRY NORRIS, Interim Director of the                                   RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

In February of 2002, petitioner Johnny Paul Dodson ("Dodson") was convicted in an Arkansas state trial court of two drug offenses and sentenced to the custody of the Director of the Arkansas Department of Correction ("Director"). In September of 2004, the Arkansas Supreme Court affirmed Dodson's convictions. See Dodson v. State, 358 Ark. 372, 191 S.W.3d 511 (2004).

In October of 2004, Dodson challenged his 2002 convictions by filing a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The state trial court judge denied the petition in January of 2005, and Dodson failed to prosecute a timely appeal of the adverse ruling. He filed a motion for a belated appeal in May of 2005, but the state Supreme Court denied his motion in June of 2005. See Dodson v. State, 2005 WL 1533576 (Ark.S.Ct. June 30, 2005).[1]

In August of 2005, Dodson challenged his 2002 convictions by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Dodson v. Norris, 5:05-cv-00226 JLH. Within days of filing the petition, though, he asked that it be dismissed because he had intended to file the petition in an Arkansas state trial court but had inadvertently filed it in an Arkansas federal court. United States District Judge J. Leon Holmes granted Dodson's motion and dismissed 5:05-cv-00226 without prejudice in August of 2005.

---

[1]

Dodson asked the United States Supreme Court to review the state Supreme Court's ruling, but his petition for a writ of certiorari was denied in October of 2005. See Dodson v. Arkansas, 546 U.S. 915, 126 S.Ct. 284, 163 L.Ed.2d 251 (2005).

In November of 2005, Dodson filed a state trial court petition for writ of habeas corpus. The state trial court judge denied the petition in January of 2006, and the state Supreme Court affirmed the denial of Dodson's petition in January of 2007. See Dodson v. State, 2007 WL 70432 (Ark.S.Ct. January 11, 2007).

In April of 2007, Dodson challenged his 2002 convictions by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Dodson v. Norris, 5:07-cv-00080 BRW. In the petition, he raised claims involving his right to a speedy trial, his mental competency, and his attorney's effectiveness. The Director asked that the petition be dismissed because of limitations. The question soon arose whether a belated appeal motion, like the one Dodson filed in May of 2005, was a part of the State of Arkansas' ordinary appellate review procedure. Because the answer was unclear, United States District Judge Billy Roy Wilson certified the question to the state Supreme Court and administratively terminated 5:07-cv-00080 without prejudice in November of 2007. In certifying the question, he noted the following: "If the limitations period was tolled by the filing of the motion for belated appeal, the federal habeas corpus petition is timely. If the limitations period was not tolled, the petition is not timely." See Document 8, Exhibit M at 5. In administratively terminating the case, he noted the following: "If no party has moved to reopen this litigation within thirty (30) days after the Arkansas Supreme Court declines to answer the question, or within thirty (30) days after the Arkansas Supreme Court mandate is issued, then this Order shall be deemed a dismissal with prejudice of all claims made in this case." See Document 8, Exhibit N at 1-2.

-4-

The state Supreme Court accepted certification of the following question in December of 2007: "[w]hether a motion for belated appeal, as provided for in Arkansas Criminal Appellate Rule 2(e) of a state circuit court's order denying relief under Rule 37 of the Arkansas Rules of Criminal Procedure, is a part of the ordinary appellate review procedure under Arkansas law." See Dodson v. Norris, 371 Ark. 661, 269 S.W.3d 350, 351 (2007). In October of 2008, the state Supreme Court answered the question in the negative, concluding the following: "… a motion for belated appeal is not part of the ordinary appellate review procedure under our law." See Dodson v. Norris, 374 Ark. 501, 288 S.W.3d 662, 662 (2008).

The records maintained by the Clerk of the Court for the Eastern District of Arkansas reflect that neither Dodson nor the Director moved to re-open 5:07-cv-00080 after the decision of the state Supreme Court. 5:07-cv-00080 was deemed closed as of Judge Wilson's November of 2007 order administratively terminating the case.

In September of 2014, Dodson again challenged his 2002 convictions by filing the petition at bar, a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his attorney's effectiveness.

The Director filed a response to Dodson's petition and asked that it be dismissed for two reasons. First, the Director maintained that the petition is a second or successive petition, and Dodson did not receive permission from the United States Court of Appeals for the Eight Circuit to file the petition. Second, the Director maintained that the petition is barred by limitations.

Dodson filed a reply to the Director's response. In the reply, Dodson addressed, inter alia, why the petition at bar is not a second or successive petition. He first maintained that the petition in 5:05-cv-00226 cannot be counted as a first petition because it was filed inadvertently and Judge Holmes dismissed it without prejudice. Dodson next maintained that the petition in 5:07-cv-00080 cannot be counted as a first petition because it was administratively terminated by Judge Wilson. Assuming, arguendo, that the petition in 5:07-cv-00080 can be counted as a first petition, Dodson maintained that his attorney provided constitutionally inadequate representation when he failed to file a motion to re-open 5:07-cv-00080. Dodson also maintained that the United States Supreme Court decision in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), supports the consideration of the petition at bar without pre-authorization.

The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Applying 28 U.S.C. 2244(b)(3)(A) to the legal processes undertaken by Dodson in arriving at this juncture, the undersigned begins by finding that the petition in 5:05-cv-00226 cannot be counted as a first petition. The undersigned accepts his representation that he filed the petition in 5:05-cv-00226 inadvertently, and it is clear that Judge Holmes dismissed 5:05-cv-00226 without prejudice.

With regard to the petition in 5:07-cv-00080, Judge Wilson found that the resolution of that case hinged upon whether the filing of a motion for belated appeal, like the one Dodson filed in May of 2005, was a part of the State of Arkansas' ordinary appellate review procedure. Judge Wilson opined that if the state Supreme Court found such a motion was <u>not</u> a part of the state's ordinary appellate review procedure, the applicable limitations period would not be tolled, and the petition in 5:07-cv-00080 would not be timely. He certified the question to the state Supreme Court and administratively terminated 5:07-cv-00080; in doing so, he specifically noted that if neither party moved to re-open 5:07-cv-00080, the order administratively terminating 5:07-cv-00080 would be deemed a "dismissal with prejudice of all claims made in [that] case." The state Supreme Court later found that a motion for belated appeal was <u>not</u> a part of the state's ordinary appellate review procedure. Although Judge Wilson never made a specific finding on the heels of the state Supreme Court's decision, the undeniable upshot of the decision was that the applicable limitations period was not tolled, and the petition in 5:07-cv-00080 was not timely. When neither party filed a motion to re-open 5:07-cv-00080, the dismissal in that case became, by the terms of Judge Wilson's order, a dismissal with prejudice of all claims made in that case.

Dodson has offered no plausible reason for counting the petition in 5:07-cv-00080 as anything other than a first petition. It matters not that the case was initially administratively terminated because it was later deemed to have been dismissed with prejudice. In short, the petition in 5:07-cv-00080 was dismissed as barred by limitations.

Dodson nevertheless maintains that the petition at bar should be considered without pre-authorization because he received ineffective representation in 5:07-cv-00080. The undersigned knows of no authority for the proposition that ineffective assistance of counsel in a first petition will excuse the pre-authorization requirement codified in 28 U.S.C. 2244(d)(3)(A), and Dodson has cited no such authority. Assuming, arguendo, that such authority exists, he has failed to show the prejudice required by Strickland v. Washington, 466 U.S. 668 (1984). Re-opening 5:07-cv-00080 would have been pointless as the petition in that case was barred by limitations.

Dodson also maintains that the United States Supreme Court decision in Martinez v. Ryan supports the consideration of the petition at bar. The undersigned cannot agree. Martinez v. Ryan goes to the question of whether to excuse a petitioner's procedural default, not the propriety of considering a second petition without satisfying the pre-authorization codified at 28 U.S.C. 2244(b)(3)(A).[2] The petition in 5:07-cv-00080 was dismissed because it was barred by limitations, and nothing about Martinez v. Ryan will change that result.

---

[2]

In Martinez v. Ryan, the United States Supreme Court held the following:

Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

See Id., 132 S.Ct. at 1320. It only applies, though, to "a prisoner's procedural default of a claim of ineffective assistance at trial." See Id. at 1315. See also Dansby v. Norris, 682 F.3d 711 (8th Cir. 2012); Kemp v. Hobbs, 2012 WL 2505229 (E.D.Ark. 2012) (Marshall, J.).

On the basis of the foregoing, the undersigned finds that the petition at bar is a second or successive petition. Because Dodson did not receive permission from the United States Court of Appeals for the Eight Circuit to file the petition, and nothing excuses his failure to do so, the undersigned recommends that the petition be dismissed without prejudice so that he may seek pre-authorization. All requested relief should be denied, and judgment should be entered for the Director. A certificate of appealability should also be denied.[3]

DATED this ___6___ day of January, 2015.


_____

UNITED STATES MAGISTRATE JUDGE

---

[3]

The undersigned declines to consider the Director's assertion that the petition at bar is barred by limitations.